THE HONORABLE ROBERT S. LASNIK

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JAMIE SCATENA, a single woman,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED AIR LINES, INC., et al.,<br><br>    Defendants. | Case No. 09-CV-01429-RSL<br><br>**AIRBUS AMERICAS, INC.'S ANSWER TO COMPLAINT OF JAMIE SCATENA** |
| MARC SHANNON, et al.,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED AIR LINES, INC., et al.,<br><br>    Defendants. | |

Without waiver of any rights, privileges, or defenses, Defendant Airbus Americas, Inc. (hereinafter "Airbus Americas"), files this Answer to Plaintiff's Original Complaint for Damages and states as follows:

## I. PLAINTIFF

1.1 Airbus Americas lacks sufficient knowledge or information to admit or deny the allegations in paragraph 1.1 of the Complaint and, on that basis, denies the allegations.

AIRBUS AMERICAS, INC.'S ANSWER TO
COMPLAINT OF JAMIE SCATENA
CASE NO. 09-CV-01429-RSL

- 1 -

HOGAN & HARTSON, LLP
8426 316th Pl. SE
Issaquah, WA 98207
Telephone: (425) 222-6229

## II.   DEFENDANTS

2.1    Paragraph 2.1 of the Complaint is directed at Defendants United Air Lines, Inc. ("United") and UAL Corporation, and no response from Airbus Americas is required. Paragraph 2.1 also contains legal conclusions to which no response is required.

2.2    Paragraph 2.2 of the Complaint is directed at Defendants United and UAL Corporation, and no response from Airbus Americas is required. Paragraph 2.2 also contains legal conclusions to which no response is required.

2.3    Airbus Americas admits that it is a corporation organized under the laws of the state of Delaware with its headquarters in Herndon, VA. Except as expressly admitted, Airbus Americas denies the remaining allegations in paragraph 2.3.

2.4    Paragraph 2.4 of the Complaint is directed at Defendant Airbus S.A.S. and no response from Airbus Americas is required. To the extent a response from Airbus Americas is deemed required, Airbus Americas admits that Airbus S.A.S. is a *société par action simplifiée* organized under the laws of France with its principal place of business in Toulouse-Blagnac, Franc. Except as expressly admitted, Airbus Americas denies the remaining allegations in paragraph 2.4.

2.5    Paragraph 2.5 of the Complaint is directed at Defendant European Aeronautical Defence & Space Co. ("EADS") and no response from Airbus Americas is required. To the extent a response from Airbus Americas is deemed required, Airbus Americas denies the allegations in paragraph 2.5.

2.6    Paragraph 2.6 is directed at other defendants and no response from Airbus Americas is required. Paragraph 2.6 also contains conclusions of law to which no response is required. To the extent a response from Airbus Americas is deemed required, Airbus Americas denies the allegations in paragraph 2.6.

AIRBUS AMERICAS, INC.'S ANSWER TO
COMPLAINT OF JAMIE SCATENA
CASE NO. 09-CV-01429-RSL

- 2 -

HOGAN & HARTSON, LLP
8426 316th Pl. SE
Issaquah, WA 98207
Telephone: (425) 222-6229

### III. JURISDICTION AND VENUE

3.1    Paragraph 3.1 of the Complaint is directed at Defendant United and no response from Airbus Americas is required. Paragraph 3.1 also contains conclusions of law to which no response is required.

3.2    Paragraph 3.2 of the Complaint is directed at Defendant UAL Corporation and no response from Airbus Americas is required. Paragraph 3.2 also contains conclusions of law to which no response is required.

3.3    Airbus Americas denies the allegations in paragraph 3.3 of the Complaint.

3.4    Paragraph 3.4 of the Complaint is directed at Defendant Airbus S.A.S. and no response from Airbus Americas is required. Paragraph 3.4 also contains conclusions of law to which no response is required. To the extent a response from Airbus Americas is deemed required, Airbus Americas denies the allegations in paragraph 3.4.

3.5    Paragraph 3.5 of the Complaint is directed at Defendant EADS and no response from Airbus Americas is required. Paragraph 3.5 also contains conclusions of law to which no response is required. To the extent a response from Airbus Americas is deemed required, Airbus Americas denies the allegations in paragraph 3.5.

### IV. FACTS

4.1    Airbus Americas admits that, on October 9, 2007, an Airbus A320-232 aircraft bearing manufacturer serial number 571 and registration number N431UA (the "Aircraft") was operated by United Airlines as Flight 628 from Seattle-Tacoma International Airport to O'Hare International Airport in Chicago, Illinois. Airbus Americas is without sufficient information to admit or deny the remaining allegations in paragraph 4.1, and, on that basis, denies the allegations.

4.2    Airbus Americas admits the Aircraft exited the runway after landing at O'Hare International Airport. Airbus Americas is without sufficient information to admit or deny the remaining allegations in paragraph 4.2, and, on that basis, denies the allegations.

AIRBUS AMERICAS, INC.'S ANSWER TO
COMPLAINT OF JAMIE SCATENA
CASE NO. 09-CV-01429-RSL

- 3 -

HOGAN & HARTSON, LLP
8426 316th Pl. SE
Issaquah, WA 98207
Telephone: (425) 222-6229

4.3   Airbus Americas is without sufficient information to admit or deny the allegations in paragraph 4.3 of the Complaint, and, on that basis, denies the allegations.

## V.   NEGLIGENCE – UNITED DEFENDANTS

5.1   Paragraph 5.1 of the Complaint is directed at Defendants United and UAL Corporation and no response from Airbus Americas is required. Paragraph 5.1 also contains conclusions of law to which no response is required.

5.2   Paragraph 5.2 of the Complaint is directed at Defendants United and UAL Corporation and no response from Airbus Americas is required. Paragraph 5.2 also contains conclusions of law to which no response is required.

## VI.   NEGLIGENCE AND PRODUCT LIABILITY CLAIMS – THE AIRBUS DEFENDANTS

6.1   Airbus Americas admits the Aircraft was designed, assembled, and placed into the stream of commerce by Airbus S.A.S. in France. Airbus Americas denies the remaining allegations in paragraph 6.1 of the Complaint.

6.2   Airbus Americas denies the allegations in paragraph 6.2 of the Complaint. Paragraph 6.2 also contains conclusions of law to which no response is required.

6.3   Airbus Americas denies the allegations in paragraph 6.3 of the Complaint. Paragraph 6.3 also contains conclusions of law to which no response is required.

6.4   Airbus Americas denies the allegations set forth in paragraph 6.4 of the Complaint. Paragraph 6.4 also contains conclusions of law to which no response is required.

## VII.   DAMAGES

7.1   Airbus Americas denies the allegations in paragraph 7.1 of the Complaint. Airbus Americas further denies that Plaintiff is entitled to any relief from Airbus Americas, including the relief sought in paragraph 7.1.

## VIII.   PRAYER

Airbus Americas denies that Plaintiff is entitled to any relief from Airbus Americas, including the relief prayed for in the Complaint.

AIRBUS AMERICAS, INC.'S ANSWER TO
COMPLAINT OF JAMIE SCATENA
CASE NO. 09-CV-01429-RSL

- 4 -

HOGAN & HARTSON, LLP
8426 316th Pl. SE
Issaquah, WA 98207
Telephone: (425) 222-6229

### IX.   AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim against Airbus Americas upon which relief can be granted.

2. Plaintiff's alleged damages, if any, were proximately caused, solely or partially, by the negligence and/or fault of persons, firms, corporations, entities, or parties hereto, other than Airbus Americas, for whom Airbus Americas is not responsible, and over whom Airbus Americas had no control or right of control, including but not limited to the operation, modification, alteration, or change in the condition of the Aircraft. Such acts or omissions were intervening, interceding, or superseding causes of Plaintiff's damages from which Airbus Americas had no duty and no opportunity to protect Plaintiff. Accordingly, Airbus Americas is not liable to Plaintiff; or, in the alternative, Airbus Americas' liability to Plaintiff must be reduced by the percentage of fault attributable to other liable persons, firms, corporations, entities, or parties, in accordance with applicable law.

3. The Complaint and all causes of action therein should be dismissed because Plaintiff has failed to join necessary and indispensable parties.

4. The design of the Aircraft was consistent with or exceeded the state of the art at the time of its design and manufacture.

5. At the time the Aircraft entered the control of the operator, there were no practical and technically feasible alternative designs that would have prevented the alleged injuries without substantially impairing the reasonably anticipated or intended function of the aircraft.

6. The benefits of the design of the Aircraft outweigh its inherent risks, if any.

AIRBUS AMERICAS, INC.'S ANSWER TO
COMPLAINT OF JAMIE SCATENA
CASE NO. 09-CV-01429-RSL

- 5 -

HOGAN & HARTSON, LLP
8426 316th Pl. SE
Issaquah, WA 98207
Telephone: (425) 222-6229

7. Airbus Americas is not liable because the Aircraft was subject to unforeseeable and improper misuse or handling, including but not limited to improper maintenance.

8. The conduct or fault of Airbus Americas, if any, was not a substantial factor in bringing about Plaintiff's alleged damages, and therefore was not a producing, proximate, or contributing cause of any injuries or damages suffered by Plaintiff.

9. Airbus Americas did not omit any instructions, warnings, or other communications that would have reduced the foreseeable risks of harm, if any, posed by the Aircraft.

10. The Aircraft was intended for, and sold to, a knowledgeable and sophisticated user over whom Airbus Americas had no control. The warnings and instructions which accompanied the sale of the aircraft were sufficient to exculpate Airbus Americas from any liability to the Plaintiff.

11. The manufacture and marketing of the Aircraft, including the provision of related warnings, service bulletins, notices, and other communications, are controlled by federal and international law, and Airbus Americas was at all times in compliance and obedience with the applicable laws and regulations. If Plaintiff's causes of action against Airbus Americas are permitted and allowed, they would impede, impair, frustrate, and/or burden the effectiveness of law regulating transportation and would constitute an invalid burden on interstate commerce, violating the supremacy and commerce clauses of the United States Constitution, Article VI, Section 2 and Article 1, Section 8, respectively. Thus, Plaintiff's claims are preempted or barred by applicable law.

AIRBUS AMERICAS, INC.'S ANSWER TO
COMPLAINT OF JAMIE SCATENA
CASE NO. 09-CV-01429-RSL

- 6 -

HOGAN & HARTSON, LLP
8426 316th Pl. SE
Issaquah, WA 98207
Telephone: (425) 222-6229

12. Any training or training materials provided by Airbus Americas fully complied with all applicable government rules, laws and regulations at the time such materials may have been provided.

13. Any training or training materials provided by Airbus Americas fully complied with the state-of-the-art and/or applicable industrial standards at the time such materials may have been provided.

14. Airbus Americas reserves the right to make an election of credit or setoff for any settlements as allowed pursuant to the applicable law.

15. Any award or judgment rendered in favor of the Plaintiff must be reduced by the amount of benefits Plaintiff received, or are entitled to receive, from any source.

16. Airbus Americas reserves the right to assert against the Plaintiff, or any other party hereto, any and all affirmative defenses that may develop during the course of investigation, discovery, and litigation of this action.

WHEREFORE, Airbus Americas, Inc. respectfully requests as follows:

(1) That Plaintiff take nothing against Airbus Americas, Inc., but to the extent the fact-finder awards damages, Airbus Americas, Inc. prays that any such award be reduced by that proportion of responsibility adjudged against other persons;

(2) That Airbus Americas, Inc. be awarded its costs of Court;

(3) That Airbus Americas, Inc. be awarded its reasonable and necessary attorneys' fees incurred in the defense of this action; and

(4) Airbus Americas, Inc. be awarded such other and further relief as to which it may show itself entitled.

AIRBUS AMERICAS, INC.'S ANSWER TO
COMPLAINT OF JAMIE SCATENA
CASE NO. 09-CV-01429-RSL

- 7 -

HOGAN & HARTSON, LLP
8426 316th Pl. SE
Issaquah, WA 98207
Telephone: (425) 222-6229

| | |
|---|---|
| 1 | |
| 2 | Dated: March 22, 2010 |
| | Respectfully submitted, |
| 3 | |
| | HOGAN & HARTSON, LLP |
| 4 | |
| 5 | By: */s/ Robin E. Wechkin* |
| | Robin E. Wechkin, WSBA #24746 |
| 6 | Tel.: (425) 222-6229 |
| 7 | |
| | Thad T. Dameris, (*Admitted Pro Hac Vice*) |
| 8 | Bruce D. Oakley, (*Admitted Pro Hac Vice*) |
| | Trevor R. Jefferies, (*Admitted Pro Hac Vice*) |
| 9 | Christopher M. Odell, (*Admitted Pro Hac Vice*) |
| | Hogan & Hartson LLP |
| 10 | 700 Louisiana Street, Suite 4300 |
| | Houston, Texas 77002 |
| 11 | Tel.: (713) 632-1400 |
| | Fax: (713) 583-6297 |
| 12 | |
| | *Attorneys for Defendant Airbus Americas, Inc.* |

AIRBUS AMERICAS, INC.'S ANSWER TO
COMPLAINT OF JAMIE SCATENA
CASE NO. 09-CV-01429-RSL

- 8 -

HOGAN & HARTSON, LLP
8426 316th Pl. SE
Issaquah, WA 98207
Telephone: (425) 222-6229